FILED
2026 Aug-24 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **Case No.: 5:22-cv-01378-MHH** |
| **CASEY INDUSTRIAL, INC., et al.,** | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

Casey Industrial, Inc. has asked the Court to reconsider its ruling regarding respondeat superior in the Court's memorandum opinion and order, (Doc. 95), or in the alternative to certify the respondeat superior issue to the Alabama Supreme Court. (Doc. 97).

This 2022 lawsuit concerns a 2021 motor vehicle collision involving Mr. Foster and Mr. Eads, a Casey employee. (Doc. 1). Casey moved for summary judgment on Mr. Foster's claims against the company. (Doc. 73). The Court granted in part and denied in part Casey's motion for summary judgment. (Doc. 95).

Under Rule 59(e), a party may ask a district court to "alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to

the entry of judgment." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (alterations adopted) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). The "only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Town of Palm Beach*, 988 F.3d at 1287 (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

Casey contends that the Court did not address a threshold issue concerning the company's responsibility for Mr. Eads's acts, namely whether Mr. Eads was engaged in conduct consistent with the role, assignment, or duties of his employment when he collided with Mr. Foster's vehicle. (Doc. 97). Casey asserts that the Alabama Supreme Court's decision in *Flickinger v. King*, 2025 WL 2424426 (Ala. Aug. 22, 2025), requires judgment in the company's favor on the record in this case. (Doc. 97).

Casey has not explained why it did not raise *Flickinger* before the Court decided the company's summary judgment motion. The Eleventh Circuit has noted that "[a] party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case v. Eslinger*, 555 F.3d 1317, 1329

(11th Cir. 2009). The parties extensively briefed the issue of respondeat superior and appeared before the Court twice for oral argument. The Alabama Supreme Court issued its decision in *Flickinger* nearly one month before this Court entered its summary judgment opinion on September 19, 2025. Casey had time to bring the *Flickinger* decision to the Court's attention in support of its respondeat superior argument before the Court decided the company's motion. Had Casey brought *Flickinger* to the Court's attention, the decision would not have changed the Court's summary judgment analysis.

Relying on *Flickinger*, Casey argues that Mr. Foster has not presented evidence from which jurors reasonably could conclude that Casey derived more than an incidental benefit from Mr. Eads's conduct at the time of the accident. (Doc. 97 at 10). In *Flickinger*, the Alabama Supreme Court considered whether a law firm could be held vicariously liable for one of its lawyers' published criticism of one of Mr. Flickinger's social media posts. Mr. Flickinger, an attorney in another law firm, alleged that the criticism damaged his relationship with his firm and led to his resignation from his firm. *Flickinger*, 2025 WL 2424426, at *1. Mr. Flickinger sued the lawyer and his law firm, asserting several tort claims, including tortious interference with a business relationship. *Flickinger*, 2025 WL 2424426, at *3.

In deciding whether the defendant law firm could be held liable for the conduct of its law partner, the Alabama Supreme Court stated that an employer may

be liable for the conduct of an employee if the conduct is "'part of the duties the employee was hired to perform or if the act confers a benefit on his employer.'" *Flickinger*, 2025 WL 2424426, at *7 (quoting *Cobbs, Allen & Hall, Inc. v. EPIC Holdings, Inc.*, 335 So. 3d 1115, 1139 (Ala. 2021)). An employee's actions are outside the scope of employment "'when the employee acts on wholly personal motives that would not reasonably further the employer's business.'" *Flickinger*, 2025 WL 2424426, at *7 (quoting *East Alabama Behav. Med., P.C. v. Chancey*, 883 So. 2d 162, 168 (Ala. 2003)).

The Alabama Supreme Court concluded that the defendant law partner's criticism of Mr. Flickinger was the product of "wholly personal motives," so the defendant law firm could not be held vicariously liable for the partner's published remarks. *Flickinger*, 2025 WL 2424426, at *8. The Supreme Court noted that the defendant law partner sent a message to Mr. Flickinger's law partners late in the evening, after normal business hours, and did so because of a personal relationship with the partners in Mr. Flickinger's law firm. *Flickinger*, 2025 WL 2424426, at *8. The Alabama Supreme Court found no evidence that the defendant law partner's communication was part of his job duties or provided a benefit to his law firm. *Flickinger*, 2025 WL 2424426, at *8. Therefore, the law firm could not be held vicariously liable for alleged tortious interference committed by the partner.

*Flickinger*, 2025 WL 2424426, at *8. In reaching its conclusion, the Alabama Supreme Court observed that if:

> there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from personal motives having no relationship to the business of the employer.

*Flickinger*, 2025 WL 2424426, at *7 (quoting *USA Petroleum Corp. v. Hines*, 770 So. 2d 589 (Ala. 1999)).

In *Flickinger*, the Alabama Supreme Court did not announce a new rule or alter the legal principles on which this Court relied in denying Casey's summary judgment motion. Rather, the Alabama Supreme Court rested its decision on well-settled principles of Alabama tort law concerning respondeat superior. In this case, the record contains evidence from which reasonable jurors could conclude that Mr. Eads's transportation of a co-employee to a Casey jobsite conferred a benefit on Casey. As the Court found in its summary judgment opinion, the evidence, viewed in the light most favorable to Mr. Foster, indicates that Casey needed employees at its jobsite, and Mr. Eads provided transportation to a co-employee to benefit Casey. (Doc. 95). The fact that providing transportation to a co-employee was not listed among Mr. Eads's assigned duties is not dispositive.

Because Casey has not demonstrated a manifest error of law or fact warranting relief under Rule 59(e), the Court denies Casey's motion to reconsider.

The Court also declines Casey's request to certify the respondeat superior question to the Alabama Supreme Court for resolution. (Doc. 97, p. 10). Certification is appropriate only when a case presents a determinative question of state law for which there is no controlling precedent from the state's highest court. *See* ALA. R. APP. P. 18. The principles that govern respondeat superior under Alabama law are well established. Casey disagrees with the Court's application of those settled legal principles to the evidence in this case. This is not a basis for certification.

The Clerk of Court shall please TERM Doc. 97. The parties shall mediate this case again within 30 days, and Casey shall bear the expense of the mediation. (*See* Doc. 109). The parties shall notify the Court of the results of the mediation.

**DONE** and **ORDERED** this August 24, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE